IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

GLADDIE B. POWN,

    Plaintiff,

vs.                                              No. 14-2741-SHL-dkv

WASHINGTON MUTUAL BANK, F.A.,
CALIBER HOMES LOANS, and
BROCK & SCOTT PLLC,

    Defendants.

_____

REPORT AND RECOMMENDATION ON CALIBER HOME LOANS AND WASHINGTON
MUTUAL BANK'S MOTIONS TO DISMISS
and
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL OF POWN'S
CLAIMS AGAINST BROCK & SCOTT, PPLC

_____

On September 22, 2014, the plaintiff, Gladdie B. Pown ("Pown"), filed a *pro se* complaint against Washington Mutual Bank, F.A. ("Washington Mutual") and Caliber Homes Loans ("Caliber"), (ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) On November 17, 2014, the court granted Pown leave to proceed *in forma pauperis* and ordered summons issued on Caliber and Washington Mutual. (ECF No. 10.)

On December 2, 2014, Pown filed an amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A), in which she added Brock & Scott, PLLC ("Brock & Scott") as a defendant. (ECF No. 13.) This report and recommendation will constitute the court's screening under 28 U.S.C. § 1915(e)(2) of Pown's claims against Brock & Scott.[1] Also before the court are the motions to dismiss for failure to state a claim filed by Caliber, (ECF No. 14), and Washington Mutual,[2] (ECF No. 20). Pown responded to Caliber's motion to dismiss on January 12, 2015. (ECF No. 17.)[3] Pown has failed to respond to Washington Mutual's motion to dismiss, and the time for response has expired.

---

[1] Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] The motion to dismiss is filed by JPMorgan, as successor in interest of Washington Mutual.

[3] Pown titled her pleading in opposition to Caliber's motion to dismiss as "Motion to Dismiss Defendant's Motions to Dismiss & Memorandum." (*See* ECF No. 14.) The court will construe this motion as Pown's response to Caliber's motion to dismiss.

For the reasons that follow, the court recommends that Pown's complaint be dismissed as to all defendants for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction.

## I.  PROPOSED FINDINGS OF FACT

Pown's original nineteen-page complaint is entitled "Petition to Set Aside and Void Foreclosure Claim, Cancel Note and Mortgage, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief." (Compl., ECF No. 1.) While the complaint seemingly involves an attempt to avoid the foreclosure sale of the property at 1776 Nellie Road, Memphis, Tennessee, 38116, it also includes sweeping allegations regarding the entire lending industry.  The amended complaint contains references to a loan transaction and a Deed of Trust, which seem to be the impetus for Pown's vaguely-stated claims. The court will consider the public records of the Shelby County Register and the attachments to the defendants' motions to dismiss to piece together the factual backbone of Pown's complaint.[4]

---

[4]The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

On November 20, 2006, Pown executed a Deed of Trust in favor of lender Washington Mutual which secured the repayment of a $70,000 loan. (Deed of Trust, ECF No. 14-2.)[5] Under the Deed of Trust, Pown irrevocably granted and conveyed to the Trustee the real property located at 1776 Nellie Road, Memphis, Tennessee, 38116 ("the Property"). (*Id.* at 4.) On the same day, Pown entered into a Promissory Note in the principal amount of $70,000 payable to Washington Mutual. (ECF No. 20-7.) The Deed of Trust provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Deed of Trust 15, ECF No. 14-2.) On February 12, 2013, the "Federal Deposit insurance Corporation, as receiver for Washington Mutual" executed a "Corporate Assignment of Deed of Trust" to JPMorgan Chase Bank, National Association ("JPMorgan") and its successors or assigns. (ECF No. 14-3.)[6] On July 1, 2013,

---

The court may also consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Amini*, 259 F.3d at 502 (internal quotations and citations omitted).

[5]This Deed of Trust is recorded with the Shelby County Register as Instrument No. 06202642.

[6]The Corporate Assignment of Deed of Trust is recorded with the Shelby County Register as Instrument No. 13021982.

JPMorgan executed an Assignment of Deed of Trust to Caliber. (ECF No. 14-4.)[7]

Pown alleges that she made regular monthly payments from September 2000 through February 2014. (Am. Compl. ¶ 10(c), ECF No. 13.) According to the amended complaint, either in August or September of 2014, Pown received a notice of default and intent to foreclose. (*Id.* ¶¶ 10(e), 11.) Despite being in default, in March 10, 2014, Pown executed a Quit Claim Deed conveying to C.C. Foley Family Land Trust all of the "rights, title, and interest" in the Property. (ECF No. 20-9.)[8] Subsequently, on September 30, 2014, eight days after the filing of the instant suit, Pown again transferred her rights in the Property to the "Consulate of Moorish Xi Anu of Chakchiuma." (ECF No. 20-11.)[9]

Based on these transactions, Pown alleges the following causes of action: (1) Violation of the Uniform Commercial Code, Uniform Foreign Money Claims Act, Uniform Judicial Code; (2) "Cause of Action to Set Aside Foreclosure Claim;" (3) Failure of Consideration; (4) Usury; (5) Breach of Contract; (6) Ultra

---

[7]The Assignment of Deed of Trust from JPMorgan to Caliber is recorded with the Shelby County Register as Instrument No. 13109250.

[8]The Quit Claim Deed is recorded with the Shelby County Register as Instrument No. 14027042.

[9]The "Transfer Statement" is recorded with the Shelby County Register as Instrument No. 14100229.

Vires; (7) Indefiniteness of Contract; (8) Unconscionability; (9) Fraud; (10) Cancellation of Promissory Note; (11) "Cause of Action Following Trust Property Into Its Product Against Trustee;" (12) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (13) "Allegations of Criminal Wrongdoing;" and (14) "Cause of Action Involving Federal Officials." (Am. Compl., ECF No. 13.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Pown's amended complaint sets forth no plausible grounds to invoke this court's jurisdiction, (*see* Am. Compl. ¶ 1-2, ECF No. 13), nevertheless, the court will consider the complaint as a whole to determine whether it has jurisdiction over this case.

Federal courts are courts of limited jurisdiction and, as a result, "'[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010)(quoting

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted).

Pown requests damages "in the amount of $70,000 plus interest, plus three times punitive damages," thus, satisfying her burden of pleading the amount in controversy.  (*See* Am. Compl. ¶ 92, ECF No. 13.)  However, Pown's amended complaint states that both Pown and defendant Brock & Scott are residents of Tennessee, (*Id.* ¶ 8), therefore, Pown has failed to plead complete diversity and the court does not have diversity jurisdiction over this case.

According to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A thorough examination of Pown's amended complaint reveals that Pown asserts two causes of action under federal law: (1) a cause of action against all defendants under RICO, 18 U.S.C. §§ 1961 *et seq.*, and (2) a cause of action against Brock & Scott under

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Am. Compl. ¶¶ 44, 67-73, 12(g), ECF No. 13). This is sufficient to confer federal-question jurisdiction on the court.

B.  <u>Standing</u>

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on her own claims; only a licensed attorney may represent other persons. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). The Sixth Circuit considers this issue one of lack of standing. *See Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992). Lack of standing implicates the case-or-controversy requirement of Article III, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *See Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

In the caption of her amended complaint, Pown identifies the petitioner as "Gladdie B Pown estate Living Beneficiary Gladdie B Pown." (Am. Compl. 1, ECF No. 17.) Further, in the amended complaint, Pown states that she is suing as "an agent for Gladdie B Pown corporate entity defined as a United States Vessel." (*Id.*) Pown also requests that the court "issue an Order Quieting Title in favor of 'C.C. Foley Family Land Trust.'" (*Id.* ¶ 85.) Lastly, throughout the amended complaint, Pown purports to assert claims on behalf of "the people of Shelby County and the State of Tennessee." (*Id.* ¶ 97.) Pown cannot represent interests other than her own, therefore, Pown does not have standing to sue on behalf of the "Gladdie B Pown corporate entity," the C.C. Foley Family Land Trust, the people of Tennessee, or the "Gladdie B Pown estate." *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries and creditors other than the litigant." (citation and internal quotation marks omitted)). Pown may only proceed *pro se* on her own interests, and therefore, the court will only consider the claims that Pown asserts on her own behalf.

C. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Pown's complaint states a claim upon which relief may be granted, the court applies the standards

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

D.    Pown's RICO Claim Against All Defendants

Pown alleges the following in support of her RICO claim:

[The] Defendants regularly engage in cooperative
efforts to deprive the public of property and cash
under an elaborate scheme or artifice where the
unaware public unknowingly enters into contracts under
fraudulent terms wherein they are systematically
loaned credit when they were led to believe that they
were being loaned real money, and are thereby placed
into peonage and usury due to a lack of consideration
by the mortgage company.

(Am. Compl. ¶ 70, ECF No. 13.)    Further, Pown alleges that the

defendants engage in a scheme to deceive the public "into

gifting their property away under the conveyance and security

instruments including a Mortgage, the nature of which was not

fully disclosed, which in turn precluded [Pown] from

appreciating the essential elements of the undertaking." (*Id.*

¶¶ 71-73.)    In her amended complaint, Pown specifically lists

the following RICO provisions that the defendants allegedly

violated: 18 U.S.C. §§ 1961, 1962, 1964. (*Id.* ¶ 44.)

18 U.S.C. § 1964(c) authorizes civil suits for a violation

of 18 U.S.C. § 1962.    It provides, in pertinent part, that:

Any person injured in his business or property by
reason of a violation of section 1962 of this chapter
may sue therefor in any appropriate United States
district court . . . .

18 U.S.C. § 1964(c).    To establish a violation of Section 1962,[10]

a plaintiff must show: "(1) that there were two or more

---

[10] 18 U.S.C. § 1962(c) provides:

12

predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

1. *Underlying Predicate Offenses*

RICO defines racketeering activity to include any act that is indictable under the predicate offenses listed in Title 18 of the United States Code, including wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341. 18 U.S.C. § 1961. "A civil Rico action does not require that there be a prior criminal conviction for the conduct forming the predicate act; however, the conduct used to support a civil RICO action must be *indictable*. Thus, the plaintiff must prove each prong of the predicate offense, or 'racketeering activity,' to maintain a civil action under the RICO statute." *Cent. Distribs. of Beer, Inc. v. Conn*, 5 F.3d. 181, 183-84 (6th Cir. 1993)(internal

---

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

citations omitted), *vacated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). To survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. *Cent. Distribs.*, 5 F.3d at 183-84.

Pown does not specify the predicate offenses upon which she relies to establish racketeering activity by the defendants. Although Pown purports to state a general claim for fraud, her allegations are not sufficient to state any of the predicate offenses of wire or mail fraud. Elements of mail or wire fraud are: (1) scheme or artifice to defraud; (2) use of United States mail or wire or causing the use of such mail in furtherance of scheme; (3) and specific intent to deceive or defraud. *Cent. Distribs.*, 5 F.3d at 184.

A civil RICO claim based on allegations of fraud must also comply with the particularity pleading requirement of Rule 9 of the Federal Rules of Civil Procedure. *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008); *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152-53 (6th Cir. 1987); *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 911 (E.D. Cal. 2006). Rule 9 requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. "The Plaintiff[] must plead more than a generalized grievance against

a collective group of Defendants in order to meet the requirements of FRCP 9(b)." *Masterson v. Meade Cnty. Fiscal Court*, 489 F. Supp. 2d 740, 749 (W.D. Ky. 2007)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)).

To comply with Rule 9(b), a complaint alleging a fraudulent representation "must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)(quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). A plaintiff must, "[a]t a minimum, . . . allege the time, place and contents of the misrepresentations." *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001).

In her amended complaint, Pown fails to identify the date and subject of any transaction by mail or wire by the defendants that was allegedly fraudulent or that constituted mortgage fraud. Pown merely alleges that the defendants "represented that they were going to fund the loan," but that they did not in fact loan money to Pown. (Am. Compl. ¶ 61, ECF No. 13.) Even

construing the complaint liberally, this allegation is clearly contrary to public records on file with the Register of Deeds of Shelby County, which confirm that Pown received a loan from the defendants secured by a deed of trust on the Property. Similarly, Pown's remaining allegations that the defendants deceived her by leading her to believe she was being loaned real money instead of credit and that she was deceived into gifting her property, (*Id.* ¶¶ 70-72), are simply frivolous and contrary to public records. Pown cannot maintain a civil RICO claim against the defendants absent evidence that the defendants made material misrepresentations to Pown with the intent to defraud her. Accordingly, Pown has not plead two or more predicate offenses based on fraud with the particularity required by Rule 9.

## 2. *Existence of an Enterprise*

In addition, Pown does not even plead the existence of an enterprise between the defendants, the second element of a RICO cause of action. To establish the existence of an "enterprise" Pown must show (1) that a group of persons formed "an ongoing organization with a framework or superstructure for making and carrying decisions;" (2) that they functioned as a continuing unit; and (3) that the organization "was separate and distinct from the pattern of racketeering activity in which it engaged."

*Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 793 (6th Cir. 2012)(citation omitted).

The complaint contains no factual allegations from which the court can conclude that the defendants formed any type of association which functioned as a continuing unit. Pown's complaint contains nothing but conspiracy-style accusations regarding the defendants and other banking corporations, financial, political, and real estate institutions, which she likens to "Nazi Germany [and the] Soviet Union." (Am. Compl. ¶ 68, ECF No. 13.) Pown's allegations are far from plausible and they are insufficient to allege a "certain amount of organizational structure," that functions with a "common purpose." *See Ouwinga*, 694 F.3d at 794 (citations omitted)("An association-in-fact enterprise require[s] a certain amount of organizational structure which eliminates simple conspiracies from the Act's reach." (citation and internal quotation marks omitted).

3.  *Damages Resulting from a Pattern of Racketeering Activity*

Pown has failed to allege what injury she suffered due to the defendants' alleged RICO violation. In her amended complaint, Pown states that she received a notice of default and intent to foreclose. (Am. Compl. ¶¶ 10(e), 11.) However, Pown has not alleged that a foreclosure took place. Further,

according to the property records of the Register of Deeds, Pown no longer owns the Property, having transferred the Property to the C.C. Foley Family Land Trust by Quit Claim deed, dated March 10, 2014.

Pown's amended complaint contains no factual allegations that support the elements of a civil RICO cause of action. There are no legal or factual allegations of an enterprise or of a pattern of racketeering activity. Pown pleads no facts that would support a claim for two or more predicate offenses. Nor does the complaint contain any factual allegations of any damages suffered by Pown as a result of a pattern of racketeering activity. Accordingly, Pown's amended complaint fails to state a RICO claim.

E.    Pown's FDCPA Claim Against Brock & Scott

In her amended complaint, Pown alleges that Brock & Scott violated the FDCPA by "performing the duties of a debt collector . . . [while] not authorized to collect a debt. (Am. Compl. ¶ 12(g), ECF No. 13.)    Superficially, Brock & Scott violated the FDCPA by "sending mail matter to petitioner threatening, intimidating her to get out of her home, and that after numerous mailings to the enterprise, they refused to hear, acknowledge, correspond and contact [Pown] other than words to steal, take her property without cause." (*Id.*)

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To be held liable under the FDCPA, a defendant must be a "debt collector" within its meaning. The term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (4), (6). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). When collecting a debt, a debt collector may not: (1) "harass, oppress, or abuse any person," 15 U.S.C. § 1692d; (2) use any "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e; or (3) "use [] unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692d.

Pown's amended complaint is devoid of any facts in support of a plausible claim under the FDCPA. As an initial matter, it is unclear who Brock & Scott is and what communication it has

exchanged with Pown. In the amended complaint, Pown alludes to a connection between Brock & Scott and Washington Mutual, (*see* Am. Compl. ¶¶ 12(f), 43); however, this is insufficient to plausibly allege that Brock & Scott is a "debt collector" within the meaning of the FDCPA. Further, it is unclear whether any debt was in default at the time Brock & Scott allegedly attempted to collect it on behalf of Washington Mutual. Pown alleges that the she received a notice of default either in August or September of 2014, (*Id.* ¶¶ 10(e), 11), however, Washington Mutual assigned the Deed of Trust to JPMorgan on February 12, 2013, (ECF No. 14-3). Lastly, Pown merely claims, without elaborating, that Brock & Scott sent her threatening and intimidating mail, but she does not attach any of the letters allegedly sent by Brock & Scott. Pown's blanket allegations are unsupported by facts or documentation to show how Brock & Scott has violated the FDCPA. *See* 15 U.S.C. § 1692d. Accordingly, the court recommends that Pown's claims against Brock & Scott be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.[11]

---

[11]Pown further alleges that Brock & Scott violated an array of federal laws:

> [E]xtortion of 18 USC 871 [injured in her property & business monopolizing the procedure of the law taking property away]; deprivation of Rights of 18 USC 242; intent of commanding to commit crime of violence of 18 USC 373; principal of 18 USC 2-Brock &

F.  <u>Pown's State-Law Claims</u>

In addition to her claims under RICO and FDCPA, Pown also alleges an array of state-law claims, which, from a cursory reading, suffer from the same factual and legal infirmities. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "'[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)).

The court only has original federal-question jurisdiction over Pown's RICO and FDCPA claims because Pown has not met her burden of pleading diversity jurisdiction. *See supra* Part II.A. Because the court dismissed Pown's RICO and FDCPA claims, the

---

Scott accessory of 18 USC 3; Brock & Scott attempted theft of property of 18 USC 1201; Brock & Scott treasonous acts of 18 USC 2381; stole property of Rights – 8 USC 1503(a), ability to contract renting property with citizens to obtain a place to live; by injuring petitioner in her business. Violating the Sherman Anti Trust Act inter alia in seditious conspiracy of 18 USC 2311; levied war and monopolized the procedure use of the law by security deed/mortgage/deed of trust without the "promissory note" attached . . . .

(Am. Compl. ¶ 12(f), ECF No. 13.)  The court finds that these are frivolous blanket accusations with a blatant lack of factual or legal support.

court should decline to exercise supplemental jurisdiction over Pown's state-law claims. Accordingly, the court recommends that Pown's state-law claims against the defendants be dismissed for lack of subject-matter jurisdiction.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Caliber and Washington Mutual's motions to dismiss be granted, and that Pown's claims against these defendants be dismissed for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. It is also recommended that Pown's claims against Brock & Scott be dismissed *sua sponte* for failure to state a claim upon which relief may be granted and lack of subject-matter jurisdiction.

Respectfully submitted this 18th day of February, 2015.


s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE


NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.